UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| ROBERT FIORELLO, | : | Civil No. 11-3607 (FLW) |
| Petitioner, | : | |
| | : | **MEMORANDUM** |
| v. | : | **OPINION** |
| | : | |
| UNITED STATES OF AMERICA, | : | |
| | : | |
| Respondent. | : | |

Presently before this Court is a habeas corpus petition filed by Robert Fiorello ("Petitioner") pursuant to 28 U.S.C. §2255. Respondent United States of America ("Government") has filed its Answer. For the following reasons, the Court denies the Petition:

1. On August 28, 2008, Petitioner pled guilty to a One Count Information that he knowingly and willfully altered motor vehicle odometers, in violation of 49 U.S.C. §32703(2) and 32709(b). *United States v. Fiorello*, Crim No. 08-600, 2010 WL 2516472 (D.N.J. June 14, 2010). The parties entered into a plea agreement ("Plea Agreement") memorializing the terms of the plea.

2. At the sentencing hearing on June 25, 2010, Petitioner moved to compel the Government to file a motion for a downward departure under U.S.S.G. §5K1.1. While the Government had previously supported a downward departure in a filing dated July 6, 2009, the Government withdrew its support at sentencing because Petitioner had breached his cooperation agreement by engaging in criminal conduct. *Id*. at *6. *See also* Sentencing Transcript, Docket No. 08-cr-600 ("TR") 32:1-15. Agreeing with the Government, the Court found that the Government (1) did not breach any obligation to Petitioner by withdrawing its previous §5K1.1

1

motion; and (2) did not act in bad faith or with an unconstitutional motive when it withdrew the motion. *Id*. at *7.  In addition, Respondent moved to prohibit Petitioner from seeking a downward guidelines departure for family circumstances pursuant to U.S.S.G. §5H1.6.  TR 43:18-46:1.  Because the parties expressly agreed not to seek a downward departure, *see* Plea Agreement, Schedule A at ¶9, the Court granted the motion.  TR 46:10-51:5.  After addressing the motions, the Court sentenced Petitioner to 36 months of imprisonment.[1]

3.  On June 23, 2011, Petitioner filed the instant motion to vacate, set aside, or correct sentence to this Court, pursuant to 28 U.S.C. §2255.  Petitioner argues that (1) the Court should have granted his motion to compel the Government to file a 5K1.1 motion because he substantially assisted the Government in the context of 18 U.S.C. §3553(a), and that (2) he was entitled for a downward departure because of his exceptional family responsibilities.  In response, the Government claims that Petitioner waived his right to file a §2255 motion when he signed the Plea Agreement.

4.  In *United States v. Khattak*, 273 F.3d 557 (3d Cir. 2001), the Third Circuit held that waivers of appeals are "generally permissible and enforceable."  *Id*. at 561.  According to that court, there are two requirements for a waiver to be enforceable: 1) the waiver must have been "entered into knowingly and voluntarily;" and 2) enforcement "would [not] work a miscarriage of justice." *Id*. at 563.  In *United States v. Mabry*, 536 F.3d 231 (3d Cir. 2008), the Third Circuit extended this waiver jurisprudence to collateral waivers and required that District Courts "conduct an evaluation of the validity of a collateral waiver" in such cases.  *Id*. at 238.

---

[1] Subsequently, Petitioner appealed his sentence.  That appeal was summarily dismissed on jurisdictional grounds.  *United States v. Fiorello*, App. No. 10-3606 (3d Cir. April 19, 2011) (Order).

5. Here, the Plea Agreement waiver language states that "[Petitioner] knows that he has and … voluntarily waives[,] the right to file any appeal, *any collateral attack*, or any other writ or motion, including … a motion under 28 U.S.C. §2255, … if that sentence falls within or below the guidelines range that results from the agreed total guidelines offense level of 19." Plea Agreement Schedule A at ¶10 (emphasis added). The Plea Agreement also states that the parties agreed (1) the total guidelines offense level applicable to Petitioner to be 19, *see id*. at ¶8, and (2) "not to seek or argue for any upward or downward departure or any upward or downward adjustment not set forth herein." *See Id*. at ¶9. Petitioner does not dispute that his sentence fell below the guideline range resulting from the agreed total guidelines offense level of 19.

6. As he did at the sentencing hearing, Petitioner argues that the Government's withdrawal of its motion for a downward departure was in bad faith; according to Petitioner, "the Government didn't get Mr. Fiorello's cooperation for free and now it seeks to renege on its promise to file the motion." Pet. at 5. Contrary to Petitioner's characterization of the Government's motives, this Court already found at the sentencing hearing that the Government withdrew its motion because Petitioner breached the parties' cooperation agreement by engaging in criminal conduct. *See* TR at 33-45. I see no reason for now concluding that the Government's withdrawal was in bad faith in light of Petitioner's breach of the parties' cooperation agreement.

7. Moreover, Petitioner's filing of the instant habeas petition violates the terms of the Plea Agreement and enforcing the Plea Agreement will not work a miscarriage of justice here. Whether the enforcement of the waiver causes a miscarriage of justice is a "common sense" inquiry that "look[s] to the underlying facts to determine whether a miscarriage of justice would be worked by enforcing the waiver." *Mabry*, 536 F.3d at 242-243. In *Mabry*, the Third Circuit suggested that manifest injustice might occur when "enforcing a collateral attack waiver

would result in barring an appeal expressly preserved in the plea agreement," or in a case where there were "allegations that counsel was ineffective or coercive in negotiating the very plea agreement that contained the waiver." *Id*. at 243.  Petitioner has not alleged facts falling within either of these categories.

8. As such, the Court finds that the waiver provision in the Plea Agreement is enforceable and that Petitioner knowingly and voluntarily waived his right to collaterally attack his sentence under 28 U.S.C. §2255.

9. Even if I were to determine that Petitioner did not waive his right to seek a downward departure, I would nonetheless deny his habeas petition. Petitioner argues that his family circumstances entitle him to a departure. As I explained at the sentencing hearing, however, "[a] downward departure based on family ties and responsibilities should be the exception rather than the rule. United States v. Sweeting, 213 F. 3d 95, 100 (3d Cir. 2000)." TR at 48:7-51:5. Petitioner does not make any new arguments in support of his petition; he simply reiterates the generic notion that his family obligations entitle him to a departure. His routine family-related concerns do not lead me to conclude this is the rare case for which departure is warranted. *See United States v. Dominguez*, 296 F.3d 192, 195 (3d Cir. 2002) ("the ordinary impact of a sentence on family members will not support a downward departure"); s*ee also* TR at 48-50 (further explaining why departure is not warranted).

10. For these reasons, the Petitioner's habeas petition fails and he is not entitled to relief.

Dated: April 4, 2012                                             /s/ Freda L. Wolfson
                                                                 Honorable Freda L. Wolfson
                                                                 United States District Judge